**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: | MDL No.: 3123 |
| **RANGE VIEW MANAGEMENT, LLC, ET AL., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION** | Hearing Session: September 26, 2024 |

**RESPONSE OF INTERESTED PARTIES, RICHARD COLLINS, BONNIE JOE, MAXX
LYMAN, AND AARON RAPP, IN OPPOSITION TO MOTION FOR TRANSFER OF
ACTIONS TO THE WESTERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Interested Parties, Plaintiffs Richard Collins ("Collins"), Bonnie Joe ("Joe"), Maxx Lyman ("Lyman") and Aaron Rapp ("Rapp") (hereinafter collectively referred to as "Plaintiffs"), Plaintiffs in *Collins et al. v. Better Tax Relief LLC,* No. 8:24-cv-01263-FWS-ADS (C.D. Cal.), respectfully submit this response and memorandum of law to the United States Judicial Panel on Multidistrict Litigation ("Panel") in opposition to the Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings of certain currently-pending action involving violations of the Telephone Consumer Protection Act ("TCPA") (the "Pending Actions") to the United States District Court for the Western District of Texas filed by Defendants Range View Management LLC ("RVM"), Better Debt Solutions LLC ("BDS"), Lendvia LLC ("Lendvia") and Better Tax Relief LLC ("BTR") (hereinafter collectively referred to as "Defendants"). Alternatively, in the event the Panel is inclined to transfer the Pending Actions to a single venue, Plaintiffs submit the Central District of California is the most appropriate forum.

**INTRODUCTION**

Defendants' motion for transfer and consolidation of a handful of TCPA cases to a federal court in Texas is made by Defendants' California attorney on behalf of four California companies.

Defendants' motion fails to carry their *heavy* burden to demonstrate that transfer and consolidation of these minimal number of cases is appropriate versus simple cooperation and informal coordination with counsel. Defendants also fail to address any of the dozens of decisions by the Panel finding TCPA cases inappropriate for centralization. Defendants do not establish that the common factual questions are sufficiently complex, and that the accompanying discovery will be so burdensome that transfer and consolidation to the Western District of Texas is justified. However, in the event the Panel elects to transfer and consolidate the Pending Actions that were all filed within days of each other, Plaintiffs respectfully request that the cases be transferred to the Defendants backyard, *i.e.,* the United States District Court for the Central District of California, because it will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation, making it the most appropriate forum.

## FACTUAL BACKGROUND

**Defendants**

According to publicly available information and the Defendants' own websites, the Defendants are all located in the same office building in Irvine, California. Specifically, Defendants Lendvia, BTS, and BDR are each located at 2525 Main Street in Irvine California.[1]

As for RVM, the same counsel that filed this application to the Panel also served as counsel for RVM and BTS in a TCPA action filed in the United States District Court for the Middle District of North Carolina, captioned *Stirewalt v. Range View Management LLC et al*, Case Number: 1:2024cv00180. There, RVM and BTS moved to compel arbitration and in support submitted the Declaration of Brandi Wire, the Chief Compliance Officer of Better Debt Solutions, LLC.[2] In her Declaration, Ms. Wire indicated that "Defendants [RVM and BTS] are limited liability companies

---

[1] https://lendvia.com/contact-us/; https://betterdebtsolutions.com/; https://bettertaxrelief.com/
[2] A true and accurate copy is attached hereto as Exhibit A.

organized under the laws of the State of California."[3]  Ms. Wire further explained "[t]hrough their websites and other mediums, Defendants offer financial services to the public, including personal loans" and that "one of these websites is www.Lendvia.com."[4]

In addition to these explanations, Ms. Wire attached the Terms of Use ("TOU") for the Lendvia website to her Declaration.[5]  The TOU indicate that Lendvia does business as Range View Management.[6]  Specifically, the TOU indicate: "Lendvia.com ("Website") is owned and operated by Lendvia d/b/a/ Range View Management, LLC ("we" or "us"). These terms and conditions outline the rules and regulations for the use of the Website."[7]  Moreover, the TOU includes a *mandatory* forum selection clause in the event that the arbitration clause is found to be unenforceable.  Specifically, the TOU provide:

> With the exception of "Prohibition of Class and Representative Actions and Non Individualized Relief", if an arbitrator or court decides that any part of this Agreement to Arbitrate is invalid or unenforceable, the other parts of this Agreement to Arbitrate shall still apply. If an arbitrator or court decides that any of the provisions in this Agreement is invalid or unenforceable, then the entirety of this Agreement to Arbitrate shall be null and void. The remainder of the Agreement and its Legal Disputes Section will continue to apply and that **jurisdiction over and venue of any suit shall be exclusively in the state and federal courts sitting in the County of Orange, state of California**. (emphasis added).

Like each of the Defendants, counsel for the Defendants, Brent R. Phillips, of the Phillips Law Corporation, is located at 801 Parkcenter Drive in Santa Ana, California, which is located a mere 2 miles from the United States District Court for the Central District of California.[8]  Lastly, Mr. Goldsticker's firm is located on the eastern seaboard and has no offices or connections to Texas.[9]

---

[3] *Id.*
[4] *Id.*
[5] A true and accurate copy is attached hereto as Exhibit B.
[6] *Id.*
[7] *Id.*
[8] https://apps.calbar.ca.gov/attorney/Licensee/Detail/235753
[9] https://parkerpoe.com

**Plaintiffs**

As alleged in the Pending Actions' complaints, the plaintiffs all assert claims under the TCPA for Defendants unsolicited communications.  *See* Exhibits to Dkt. No. 1-1. Certain plaintiffs also state claims for violations of similar state laws, *i.e.* the Florida Telephone Solicitation Act ("FTSA") and Texas Business and Commerce Code. *See id*.

Following the filing of this application by Defendants and in coordination with Defendants' counsel, Plaintiff Rapp voluntarily dismissed his action and consolidated his claims with Plaintiffs in the *Collins* case pending in the Central District of California.  As a result, on August 12, 2024, Plaintiffs Collins, Joe, Lyman and Rapp collectively filed a First Amended Complaint against BDS, Lendvia, and RVM.[10]  There, Plaintiffs seek all available redress resulting from the illegal actions of Defendants in negligently and/or willfully contacting Plaintiffs on their telephones in violation of the TCPA and the related National Do Not Call provision regulations of 47 C.F.R. § 64.1200(c). Additionally, Plaintiff Joe brought claims for violations of the Florida Telephone Solicitation Act, § 501.059 (hereinafter "the FTSA").[11]

In addition to the *Collins* class action, in the *Pinn* case, plaintiff Kelly Pinn brought a class action for alleged prerecorded calls to her cellphone in violation of the TCPA as well as Section 302.101 of the Texas Business and Commerce Code in the United States District Court of the Northern District of Texas.  *See* Dkt. No. 1-6.

Other than the *Collins* and *Pinn* class actions, three *pro se* plaintiffs brought individual claims under the TCPA and Texas Business and Commerce Code statute. However, as acknowledged by the Defendants, the claims of the *pro se* plaintiffs are entirely subsumed by the two pending class actions.  *See* Dkt. No. 1-1, at p. 5.

---

[10]A true and accurate copy is attached hereto as Exhibit C.
[11] *See id*.

## <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 1407(a), Defendants bear the burden of establishing that: (1) common issues of fact are sufficient to warrant transfer; (2) transfer would be convenient for the parties and witnesses; and (3) transfer would promote judicial efficiency. *See also In re Cable Tie Patent Litig.*, 487 F.Supp. 1351, 1354 (J.P.M.L 1980) (holding that the movant "has not met its burden of demonstrating that the transfer will further purposes of Section 1407").

Each of the aforementioned factors must be independently satisfied. "[The] mere showing that a common question of fact exists among the actions for which Section 1407 treatment is proposed is not sufficient, in and of itself, to warrant transfer by the Panel. The other criteria of the statute must also be satisfied." *In re Truck Accident Near Alamogordo, New Mexico*, 387 F.Supp. 732, 733 (J.P.M.L. 1975). Moreover, the common questions of fact must be sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. *See In re FedEx Ground Package System, Inc. Employment Practices*, 366 F.Supp.2d 1381, 1382 (J.P.M.L. 2005).

In addition, a party moving to consolidate a minimal number of cases carries an even stronger burden to establish that the common factual questions are sufficiently complex, and that the accompanying discovery will be so burdensome that transfer and consolidation are justified. *See In re National Sec. Agency Telecommunications Records Litigation*, 474 F. Supp. 2d. 1355; *see also In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F.Supp.2d 1373, 1374 (J.P.M.L.2010) (finding "where only a minimal number of actions are involved, the proponent of centralization bears a ***heavier burden*** to demonstrate that centralization is appropriate.") (emphasis added).

As set forth more fully below, Defendants fail to satisfy this heavy burden to demonstrate that transfer and centralization is appropriate. Alternatively, in the event the Panel is inclined to transfer this Multidistrict Litigation to a single transferee district, Plaintiffs submit that the appropriate forum is the Central District of California, and not the Western District of Texas.

## ARGUMENT

### A.  Defendants Face a Small Number of Cases

At the outset, Plaintiffs respectfully submit that Defendants face only a small number of cases in an even smaller number of jurisdictions.  Even with the recent addition of the individual case brought by plaintiff in *Seely*,[12] in the Pending Actions Defendants face three individual cases (brought by *pro se* plaintiffs), Plaintiffs' class action pending in the same District that Defendants all reside, *i.e.* the Central District of California, and the *Pinn* class action pending in the Northern District of Texas.  Unlike product liability cases that oftentimes involve hundreds of cases pending in dozens of different jurisdictions, Defendants here face a minimal number of cases, requiring a heavier burden to demonstrate the propriety of centralization. *See In re Lifewatch, Inc., Tel. Consumer Prot. Act (TCPA) Litig*., 140 F.Supp.3d 1342, 1343 (J.P.M.L. 2015).

Rather than cite more relevant Panel decisions involving a small number of cases wherein the movant actually satisfied its heavy burden, Defendants cite a slew of inapt cases.  For instance, Defendants cite *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553 (J.P.M.L. 1994).  *See* Dkt. No. 1-1, at p. 10.  However, unlike the present case, the defendants in that case faced 173 actions pending in 11 different federal districts.  *See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig*, 844 F. Supp. at 1554. Likewise, Defendants cite the outdated and incredibly inapposite case of *In re Butterfield Pat. Infringement*, 328 F. Supp. 513, 514–515 (J.P.M.L. 1970)  Although Defendants endeavor to use this over fifty-year-old opinion in support of their motion, unlike the present case, the Panel therein was

---

[12] *Seely v. Lendvia LLC*, No. 248200234170, pending in Harris County, Texas Justice Court, was not included in Defendants' list of Pending Actions. However, Defendants represent they are in the process of removing *Seely* to federal court. See Dkt. No. 1-1, p. 4, FN2.

addressing 41 actions seeking damages for patent infringement in 19 different federal districts.[13]

In a matter more akin to the present case, the Panel addressed a motion for centralization in a TCPA case involving only five pending actions. *See In re Local Lighthouse Corp. Telephone Consumer Protection Act (TCPA) Litig*., 118 F.Supp.3d 1379 (J.P.M.L. 2015). The Panel first noted that: "[w]here only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re Local Lighthouse Corp. Telephone Consumer Protection Act (TCPA) Litig*., 118 F.Supp.3d at 1379; citing *In re Transocean Ltd. Sec. Litig. (No. II),* 753 F.Supp.2d 1373, 1374 (J.P.M.L. 2010). Then, the Panel ***denied*** the motion for centralization finding that "[Defendant] has not met that burden here, as the factual issues are neither particularly complex nor numerous." *Id*. at 1379. Plaintiffs assert that the Panel should make a similar ruling here.

Accordingly, in the case at bar, Plaintiffs respectively submit that the handful of Pending Actions which do not involve particularly complex issues do not warrant centralization.

## B. MDL Centralization is Inappropriate for Adjudicating Pretrial Issues in TCPA Cases

The Panel has *repeatedly* denied motions for centralization in TCPA cases finding such cases to be inappropriate for adjudicating pretrial issues. Indeed, the Panel has ***consistently*** denied centralization of TCPA actions due, in large part, to the simple and straightforward nature of the TCPA. *See, e.g., In re United Collection Bureau, Inc., Tel. Consumer Prot. Act (TCPA) Litig*., 273 F. Supp. 3d 1364, 1365 (J.P.M.L. 2017) ("These factual issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time consuming."); *In re Kohl's Tel. Consumer Prot. Act (TCPA) Litig*., 220 F. Supp. 3d 1363, 1364

---

[13] Similarly, the Defendants litter their motion with inapt cases. For instance, on page 9, the Defendants cite to *In re Am. Online, Inc.*, which was incorrectly cited as "162 F.Supp. 2d. 960, 691 (J.P.M.L. 2001)." (emphasis added). There, however, all parties actually supported centralization and selection of the district. *See In re. Am. Online, Inc.,* 162 F.Supp. 2d. 690, 691 (J.P.M.L. 2001).

(J.P.M.L. 2016) ("At least with respect to those actions, factual issues encompass defendants' practices, policies, and procedures with respect to making debt collection calls and obtaining and recording recipients' consent (and any revocation thereof), as well as the nature of the dialing system or systems used. But these issues, while common, appear to be relatively straightforward, and discovery is unlikely to be unusually burdensome or time-consuming."); *see also In re: Uber Techs., Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 247 F. Supp. 3d 1386, 1387 (J.P.M.L. 2016); *In re Enhanced Recovery Company, LLC, Telephone Consumer Protection Act (TCPA) Litigation (No. III)*, 278 F. Supp. 3d 1371 (J.P.M.L. 2017); *In re Credit Prot. Ass'n, L.P. Telephone Consumer Protection Act (TCPA) Litig.*, MDL No. 2716 (J.P.M.L. June 2, 2016); *In re Enhanced Recovery Co. Telephone Consumer Protection Act (TCPA) Litig. (No. II)*, MDL No. 2717 (J.P.M.L. June 2, 2016).

Even in a TCPA case involving twenty (20) actions, pending in 12 districts that carried an easier burden than the Defendants carry herein, the Panel *still* denied a motion for centralization. *See In re Kohl's Tel. Consumer Prot. Act (TCPA) Litig.*, 220 F. Supp. 3d 1363 (J.P.M.L. 2016). Defendants' Motion inexplicably fails to explain *how* the common questions of fact at issue herein are more complex than in any of the other instances in which the Panel has repeatedly denied transfer in TCPA cases involving more numerous pending actions.  On this basis alone, Plaintiffs respectfully submit that the Panel should deny Defendant's Motion in its entirety.

### C.  Transfer Will Not Serve the Convenience of the Parties

Defendants seek to convince the Panel that transfer and consolidation of the Pending Actions will purportedly "conserve the resources of the parties, their counsel, and the judiciary." However, in attempting to make this argument, Defendants actually prove the opposite.

Defendants claim that the Pending Actions will "necessarily involve depositions of the same witnesses and the same written discovery." *See* Dkt. No. 1-1, p. 8.  However, Defendants

acknowledge that the *pro se* claims are encompassed in the two class actions and that the class actions are being prosecuted by only two law firms, *i.e.* Kazerouni Law Group, APC and Paronich Law PC.  Yet, the Defendants somehow fail to realize that these facts militate ***against*** transfer and consolidation; and instead, simply call for informal cooperation. Indeed, in case after case, the Panel has consistently found informal cooperation to be preferable to centralization. *See, e.g., In re: Sirius XM Radio Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 118 F. Supp. 3d 1376, 1376 (J.P.M.L. 2015) (denying centralization in favor of "informal cooperation among the involved attorneys and courts" where there was procedural disparity among the actions and a limited number of actions and involved districts).

For instance, in *In re Holiday Cruise Line Tel. Consumer Prot. Act (TCPA) Litig.*, the Panel denied a motion for consolidation in a TCPA case involving a common defendant that was represented by the same counsel in most of the underlying actions.  118 F.Supp.3d 1377 (J.P.M.L. 2015). The Panel recognized that defendant's counsel could make common discovery available to all plaintiffs or establish coordinated and joint depositories for production. *See In re Holiday Cruise Line Tel. Consumer Prot. Act (TCPA) Litig.*, 118 F.Supp.3d at 1378.  Thus, the Panel found: "[g]iven the limited number of actions and common facts and the relative lack of complexity of the common issues, informal cooperation among the involved attorneys will be sufficient to minimize any potential for duplicative discovery and inconsistent pretrial rulings." *Id*.

In another TCPA case denying centralization, the Panel noted that the defendant was represented in all actions by the same law firm (Troutman Sanders, LLP), the plaintiffs in three actions were represented by the firm Kimmel & Silverman, P.C., and plaintiffs in three potential tag-along actions were represented by Hyslip & Taylor, LLC. *See In re United Collection Bureau, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 273 F. Supp. 3d 1364, 1365 (J.P.M.L. 2017). In denying the motion for centralization, the Panel expressly noted that "the limited number of

9

involved counsel suggests that cooperation and informal coordination are practicable." *Id*. at 1365.

Similarly, in *In re: Caribbean Cruise Line, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, the Panel denied centralizing finding that the common defendant was represented by the same counsel in all actions, and two plaintiffs' firms serve as lead counsel in the four underlying actions.  89 F.Supp.3d 1356, 1357, 2015 WL 506439, at *1 (J.P.M.L. Feb. 6, 2015).  The Panel found: "[g]iven the few involved counsel and limited number of actions, informal cooperation among the involved attorneys and courts is both practicable and preferable to centralization." *Id*. at 1357; *see also In re: Hangtime, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2563, 2014 WL 5100236, at *1 (J.P.M.L. Oct. 9, 2014) (determining that informal cooperation was preferable to centralization where there were "effectively only two pending actions at issue" which were not unusually complex).

Likewise, here, Plaintiffs respectfully submit that in light of the few counsel involved in the Pending Actions and the limited number of Pending Actions, informal cooperation among the involved attorneys and courts is both practicable and preferable to centralization. As such, Defendants' Motion should be denied.

**D. Transfer to the Western District of Texas Will Not Serve the Convenience of the Parties or Witnesses**

Although a myriad of Panels have held that centralization is *not* suitable in similar TCPA cases, Defendants curiously claim that the Western District of Texas would be the ideal location for centralization in the case at bar.  By making such an argument, however, the California Defendants, which are all represented by the same California counsel, ask this Panel to ignore the fact that all of them and their counsel are located just minutes from the Central District of California courthouse where Plaintiffs' case is pending.

In support of its argument, the Defendants baldly assert, *without any support*, that: (i) "many of the named Defendants conduct business in Texas"; (ii) "many of the witnesses relevant to the underlying claims are located in the Western Division"; and (iii) "[p]otentially relevant documents originate from or are maintained in Texas." Dkt. No. 1-1, pp. 2, 9.  Despite these naked assertions, Defendants fail to identify what witnesses (other than the *pro se* plaintiffs) are located in Texas.  Defendants fail to identify what, if any, "relevant documents" actually originate from or are maintained in Texas.  Defendants likewise fail to indicate whether any of the Defendants actually maintain an office in Texas or even employ anyone in Texas.  In short, Defendants fail to submit even a scintilla of evidence to the Panel demonstrating *how* these California companies have any connection to Texas **whatsoever**.

By contrast, publicly filed documents and Defendants' own websites indicate that all Defendants are headquartered in California and maintain an office in the same office building in Irvine, California.  As such, Plaintiffs respectfully submit that the documents sought in this TCPA class action, such as Defendants' policies and procedures, would all have originated from California.  Likewise, the lists of numbers called would be maintained in Irvine, California.  Although Defendants claim Defendants "routinely conduct business in Texas," their principal places of business *are all located in California*.  Therefore, Irvine, California (which is in the Central District of California) is the nerve center where Defendants' officers direct, control, and coordinate activities, such as the telemarketing activities at issue in these cases.

Lastly, the Defendants once again shoot themselves in the proverbial foot by arguing that a transfer to Texas imposes no burden on out of state plaintiffs.  *See* Dkt. No. 1-1, p. 9.  Specifically, the Defendants claim that the plaintiffs living outside of Texas will not need to travel to Texas for depositions or bear any burden in traveling to Texas.  In making these contentions, however, the

Defendants are arguing (albeit inadvertently) that only actual connection to Texas (the *pro se* plaintiffs) is illusory.

### E.  Alternatively, Central District of California is the Appropriate Transferee Forum

In the event the Panel elects to transfer and consolidate the Pending Actions which were all filed within days of each other, Plaintiffs respectfully request that the cases be transferred to the United States District Court for the Central District of California. When determining the appropriate transferee forum, the Panel considers:

a.  where the largest number of cases are pending;

b.  where discovery has occurred;

c.  where cases have progressed furthest;

d.  the site of the occurrence of the common facts;

e.  where the cost and inconvenience will be minimized; and

f.  the experience, skill, and caseloads of the available judges.

*See* Manual for Complex Litigation (Fourth) § 20.131 (2004). Here, the Central District of California is the most appropriate venue for centralizing the Pending Actions. Upon balance, the factors traditionally considered by the Panel weigh in favor of the Central District of California as the forum where the Pending Actions should be heard.

The first factor does not weigh in favor of the Western District of Texas. There is one class action (*Collins*) pending in the Central District of California, and the other class action (*Pinn*) is pending in the Northern District of Texas. The other Pending Actions filed *pro se* seeking individual relief are, as acknowledged by Defendants, are entirely subsumed by the class actions, making the venue of the class actions the more relevant consideration.

The second and third factors, which consider where discovery has occurred and where the cases have progressed the furthest, are not very relevant because discovery has not yet significantly

commenced in any of the Pending Actions.

Given where Defendants reside, *i.e.* the Central District of California, the fourth and fifth factors support transfer to the Central District of California. The documents, evidence, and witnesses relevant to Plaintiffs' claims are held by Defendants, thus, the district where Defendants reside is the site of occurrence of the common facts among the Related Actions and the most convenient and efficient venue for discovery purposes. Indeed, the Central District of California courthouse is less than 6 miles from Defendants' shared headquarters or principal place of business. Also, Defendants' counsel's office is even closer, as it's less than 2 miles from the Central District of California courthouse where the *Collins* action is already pending. Similarly, all of the Defendants' witnesses are located within a few miles of the Courthouse.   As such, all of the documentary evidence at issue, including call logs and Defendants' policies and procedures, are located within minutes of this California venue.  In contrast, Defendants have failed to identify what, *if any*, relevant documents or witnesses originate from or are maintained in the Western District of Texas.  Further, for the out-of-state plaintiffs, Defendants already acknowledged they will not be forced to bear any burden in traveling to this transferee district for depositions. *See* Dkt. No. 1-1, p. 9.  The Defendants' own motion acknowledges that the Texas plaintiffs could simply be deposed virtually via Zoom if the cases were consolidated in the Central District of California. As such, Plaintiffs respectfully submit that a transfer to the Central District California would be the most logical step as its convenient to all parties and witnesses and the cost and inconvenience will be most minimized if the Pending Actions are heard in the Central District of California.

Also, importantly, Defendants are all subject to the general jurisdiction of California because their affiliations with this State are so "continuous and systematic" as to render them all essentially at home in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  Unlike a Texas transferee court with virtually no contacts with Defendants, the California transferee court

will not become embroiled in any motion practice related to the applicability of *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255 (2017) ("BMS"). In BMS, the Supreme Court of the United States introduced new requirements for plaintiffs attempting to sue companies using specific personal jurisdiction in coordinated *mass actions*. Because Justice Alito's opinion allegedly left open the question of whether courts would need to show they can exercise personal jurisdiction as to the claims of absent class members in nationwide *class actions*, some defendants file such applications requiring extensive briefing and argument. By transferring and consolidating these cases to a jurisdiction wherein Defendants are subject to general jurisdiction, the Panel would save a Texas transferee judge from the distraction of such a complex and time-consuming motion.

In addition, Defendant Lendvia, that does business as RVM, included a Mandatory Forum Selection Clause in its Terms of Use on its website.[14] For all cases that are not subject to arbitration, this clause mandates that the **exclusive** jurisdiction shall be in the state and *federal courts sitting in* **Orange County, California**.[15] In other words, the forum selection clause specifically points exclusively to the United States District Court for the Central District of California as the appropriate forum for plaintiffs' claims.

Lastly, the sixth factor also supports transfer to the Central District of California as it has some of the most experienced and skilled jurists in the country, including, but not limited to, the following:

- Hon. Fred W. Slaughter, who is presently overseeing the *Collins* case, has the requisite skills and experience to successfully preside over a Multidistrict Litigation and presently is not presiding over many Multidistrict Litigations;

- Hon. Josephine L. Staton successfully presided over *In Re: Vizio, Inc., Consumer*

---

[14] *See* https://lendvia.com/terms-of-use/
[15] *Id.*

*Privacy Litigation*, MDL No. 2693, and presently is not presiding over any Multidistrict Litigations;

- Hon. Fernando M. Olguin has successfully presided over several Multidistrict Litigations throughout his career, including, most recently, *In re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2917, and presently is not presiding over many Multidistrict Litigations;

- Hon. James V. Selna has successfully presided over several Multidistrict Litigations throughout his career, including most recently: *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2151; and *In re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 3052.

These jurists, and many others in the Central District of California, have extensive experience overseeing TCPA actions, privacy cases, and other complex litigation.

Therefore, the Central District of California is the most appropriate transferee forum if the Panel determines the Pending Actions should be transferred and consolidated.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully submit that the Defendants have failed to carry their heavy burden to show that the Pending Actions should transferred and consolidated. in the Western District of Texas.

Alternatively, in the event the Panel is inclined to transfer and centralize these Pending Actions for consolidated pretrial proceedings, Plaintiffs respectfully request that the Panel do so in the Defendants' backyard, the United States District Court for the Central District of California because it will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation, making it the most appropriate forum.

Dated: August 19, 2024                    Respectfully submitted,

                                          **KAZEROUNI LAW GROUP, APC**


                           By:    /s/Abbas Kazerounian
                                  Abbas Kazerounian, Esq.
                                  David J. McGlothlin, Esq.
                                  Mona Amini, Esq.
                                  Gustavo Ponce, Esq.
                                  Ross H. Schmierer, Esq.
                                  245 Fischer Avenue, Unit D1
                                  Costa Mesa, California 92626
                                  Telephone: (800) 400-6808
                                  Facsimile: (800) 520-5523

                                  *Attorneys for Plaintiffs*

## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

**RANGE VIEW MANAGEMENT, LLC, ET AL., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

MDL No.: 3123

## **PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on August 19, 2024, a the foregoing and attached documents were filed and served electronically through the CM/ECF system on all parties and counsel of record.

By:    _/s/Abbas Kazerounian_
Abbas Kazerounian, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
Email: ak@kazlg.com

*Attorneys for Plaintiffs*

Brent R. Phillips
PHILLIPS LAW CORPORATION
801 Parkcenter Drive, Suite 105
Santa Ana, California 92705
bphillips@phillipslawcorporation.com
*Attorney for Defendants Range View Management, LLC, Better Debt Solutions, LLC, Lendvia, LLC, and Better Tax Solutions LLC*
*Case: C.D. Cal., No. 8:24-cv-01263*
*Case: C.D. Cal., No. 8:24-cv-01438*
*Case: N.D. Texas, No. 4:24-004488*
*Case: W.D. Texas, No. 3:24-cv-00155*
*Case: W.D. Texas, No. 3:24-cv-00215*
*Case: S.D. Texas, No. 3:24-cv-02921*

Michael A. Goldsticker
PARKER & POE
301 Fayetteville Street, Suite 1400
Raleigh, NC 27601
E-mail: michaelgoldsticker@parkerpoe.com
***Attorneys for Defendant Better Solutions, LLC and Lendvia, LLC***
*Case: C.D. California, No. 8:24-01263*
***Attorneys for Defendant Range View Management, LLC and Better Debt Solutions LLC***
*Case: C.D. California, No. 8:24-01438*
***Attorneys for Defendant Better Debt Tax Relief LLC***
*Case: N.D. Texas, No. 4:24-004488*

Steven Albert Costello
SILBERMAN LAW FIRM, PLLC
7 West Way Court, Suite B
Lake Jackson, Texas 77566
Email: scostello@silblawfirm.com
***Attorneys for Defendant Lendvia, LLC***
*Case: W.D. Texas, No. 3:24-00155*

Andrew Roman Perrong
PERRONG LAW LLC
2657 Mount Caramel Avenue
Glenside, Pennsylvania 19038
a@perronglaw.com

Anthony Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com

Sharon K. Campbell
LAW OFFICE OF SHARON K. CAMPBELL
3500 Oak Lawn Ave., Suite 110
Dallas, Texas 75219
sharon@sharonkcampbell.com

***Attorneys for Plaintiff Kelly Pinn***
*Case No. 4:24-00488 (N.D. Texas)*

Barbara Silva
8749 Coloma Circle
El Paso, Texas 79907
Bbrios259@gmail.com
***Pro Se Plaintiff***
*Case No. 3:24-00155 (W.D. Texas)*
Steven Albert Costello

SILBERMAN LAW FIRM PLLC
7 West Way Court, Suite B
Lake Jackson, Texas 77566
scostello@silblawfirm.com
***Counsel for Defendant Lendvia, LLC***
*Case No. 3:24-00155 (W.D. Texas)*

Nubia Herrera
7519 N Loop Drive
El Paso, Texas 79915
Nubia88.nh@gmail.com
***Pro Se Plaintiff***
*Case No. 3:24-00215 (W.D. Texas)*

Jordan Seely
508 Pedernales St.
Webster, Texas 77598
JordanSeely@yahoo.com
***Pro Se Plaintiff***
*Case No. 248200234170 (Harris County, Texas Justice Court)*